UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rey Vilanova-Delgado, | ) | C/A No. 5:17-cv-02381-RMG-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Gio Ramirez, | ) | |
| Respondent. | ) | |

Rey Vilanova-Delgado "Petitioner," proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI-Williamsburg, part of the Federal Bureau of Prisons system. Petitioner paid the filing fee. Receipt No. SCX400012705.

I.  Factual and Procedural Background

Petitioner was convicted of two counts of exploitation of children in the United States District Court for the District of Puerto Rico ("the sentencing court"). *United States v. Vilanova-Delgado*, No. 3:11-CR-0222-JAF (D.P.R.). On June 25, 2012, he was sentenced to a term of 210 months. On December 14, 2016, Petitioner filed an initial motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court. The motion asserted that he was convicted under an invalid statute that was not passed by Congress and that he had ineffective assistance of counsel. The § 2255 motion was summarily denied on December 14, 2016. *Vilanova-Delgado v. United States*, No. 3:16-cv-3144-FAB (D.P.R.). A requested certificate of appealability was denied on March 22, 2017. Petitioner's appeal from the denial of his motion to vacate was terminated by the First Circuit Court of Appeals on June 16, 2017. *Vilanova-Delgado v. United States*, No. 17-

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1274 (1st Cir.). Petitioner filed his Petition in this case on August 31, 2017. ECF No. 1-1. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Discussion

In the Petition under review, Petitioner contends that Title 18 of the United States Code,

including the statute providing jurisdiction to federal courts, 18 U.S.C. § 3231, and the statute under which he was convicted, 18 U.S.C. § 2251, are void "and essentially FRAUD on the Court," ECF No. 1 at 1, because the Public Law from which they derive, Pub. L. 80-772, was not validly passed by Congress in 1948. It appears from a review of the Petition in this case and his initial § 2255 motion that Petitioner is making essentially the same arguments and claims about the underlying validity of his conviction in this court that he unsuccessfully made to the sentencing court in connection with his initial § 2255 motion. His allegations of conviction under an allegedly invalid statute and in absence of district court jurisdiction all go to the underlying validity of his conviction rather than to the manner of execution of the sentence, the most commonly accepted subject matter for petitions filed pursuant to § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). In this Circuit it is settled that "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The Fourth Circuit Court of Appeals has held that challenges to the underlying validity of a federal criminal conviction are not properly considered under § 2241 unless Petitioner can come within the § 2255 savings clause by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 09, 2013). In other words, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this

3

> section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). With regard to the application of the § 2255 savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 motion filed by Petitioner in the sentencing court might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner must show that something more and different should be considered by the court than that authorized by § 2255, such as a retroactive change in the law that was applied to his conviction or sentence by the sentencing court as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *Jones* court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34. Here, Petitioner makes no allegations that the § 2255 is inadequate or ineffective to test the constitutionality of his confinement. The § 2241 petition form that he filled out at the court's direction has a specific question on it that provides an opportunity for the petitioner to express reasons why the § 2255 remedy is inadequate or ineffective, but Petitioner did not write anything in the space provided after that question. ECF No. 1-2 at 4-5. Under these circumstances, this matter cannot proceed under § 2241 to overrule the sentencing court, which has already

considered and rejected Petitioner's claims relating to the underlying validity of his convictions and sentence. A habeas corpus petition under § 2241 may not be used for this purpose because it is not an additional or alternative remedy to § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x. 317, 320 (6th Cir. 2001).

Even if this court had jurisdiction to consider the merits of Petitioner's contentions–which it does not because, as stated below, § 2241 is not the proper vehicle to challenge the underlying validity of a conviction—those contentions would fail. *See Cardenas-Celestino v. United States,* 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (Petitioner's challenge to Title 18 of the United States Code is "part of a new rash of frivolous claims raised by prisoners across the country."). Courts that have considered such arguments have found them frivolous. *See, e.g. Castillo v. United States*, No. 5:11-CV-76-DCB-JMR, 2011 WL 2110321, at *3 (S.D. Miss. May 25, 2011) (§2241 petition; collecting cases); *see also United States v. Campbell,* 221 F. App'x 459, 461 (7th Cir. 2007) (rejecting argument that § 3231 is void because the House and Senate did not vote on it during the same session of Congress); *United States v. Collins,* 510 F.3d 697, 698 (7th Cir. 2007) (describing attack on constitutionality of the enactment of Title 18 as "unbelievably frivolous"); *United States v. Potts,* 251 F. App'x 109, 111 (3d Cir. 2007) (denying motion to void a criminal judgment and holding that the defendant's contention that the 1948 amendment to § 3231 was not passed by both houses of Congress was "frivolous"); *Rhodes v. United States,* No. 4:06-CR-00218, 2011 WL 2693571, at *1 (E.D. Ark. Jul. 12, 2011) (rejecting claim that a quorum was not present when the House voted on Public Law 80-772); *Turner v. United States,* No. 11-0327-WS-C, 2011 WL 5595939, at *5-6 (S.D. Ala. Sep. 8, 2011) (denying challenge to the jurisdiction of the court on the ground that the House vote on Public Law 80-772 was taken without a quorum); *United States v. Felipe,* No. 07-CV-061, 2007 WL 2207804, at *2

5

(E.D. Pa. Jul. 30, 2007) (rejecting argument that there was a *sine die* recess in Congress between the House vote on Public Law 80-772 and its adoption by the Senate in violation of the Constitution). In light of the substantial law cited above, the Petition under review is frivolous and subject to summary dismissal.

IV. Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.[2]

IT IS SO RECOMMENDED.

December 6, 2017　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] Because the deficiencies noted in Petitioner's pleading cannot be cured by amendment, it is appropriate to dismiss this Petition with prejudice.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).