IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Rey Vilanova-Delgado, | ) | Civil Action No. 5:17-2381-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Gio Ramirez, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief be dismissed with prejudice. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, and dismisses the petition for habeas relief without prejudice.

I. **Background**

Petitioner was convicted of child exploitation in the United States District Court for the District of Puerto Rico and sentenced to 210 months imprisonment. Petitioner moved in Puerto Rico to vacate his conviction under § 2255 on December 14, 2016. The motion was summarily denied the next day. Petitioner's motion to reconsider was denied. The United States Circuit Court of Appeals for the First Circuit affirmed the denial on June 16, 2017.

Petitioner is now incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. On September 5, 2017, he filed a petition for habeas relief under § 2241 in this Court. On December 6, 2017, the Magistrate Judge recommended the petition be summarily denied. Petitioner filed timely objections to the Report and Recommendation.

-1-

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

The Magistrate Judge correctly determined that Petitioner's argument that the statute under which he was convicted is void is an attack on the validity of his conviction, which repeats arguments made in his previously denied § 2255 motion. A challenge to the validity of an underlying conviction must be construed under § 2255 rather than § 2241, unless the petitioner can satisfy the § 2255 savings clause by showing § 2255 is not an adequate nor effective remedy. Petitioner has not alleged that § 2255 is an inadequate to test the constitutionality of his conviction. When the Court directed Petitioner to answer an interrogatory explaining why § 2255 is an inadequate remedy, he declined and left the interrogatory blank. Petitioner apparently has filed a

§ 2241 petition in this Court challenging his conviction because he is barred from filing another § 2255 motion without leave of the Court of Appeals. But a § 2255 motion is not inadequate merely because it is barred as a successive petition. *See Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir. 2001) (collecting cases).

The Court therefore must construe the petition for habeas relief as a motion under § 2255 to vacate Petitioner's conviction. Petitioner previously moved to vacate his conviction under § 2255. This Court lacks subject-matter jurisdiction over a successive petition unless the successive petition is authorized by the United States Court of Appeals for the Fourth Circuit. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Court therefore agrees with the recommendation of the Magistrate Judge that the petition should be dismissed.

The Court has considered Petitioner's objections to the Report and Recommendation. (Dkt. No. 19.) Petitioner's objections are nonsense. Petitioner repeats his assertion that Title 18 of the United States Code is void in its entirety. He asserts that he has some unspecified documents from the Secretary of the United States Senate supporting that rather unlikely claim. He also objects that the United States District Court for the District of South Carolina is not an Article III court but instead is an "article IV admiralty" court. He does not explain his reasoning. It appears to the Court that Petitioner may really mean that the United States District Court for Puerto Rico, which denied his first § 2255 motion, is not an Article III court because Puerto Rico is not a state. The Court makes this inference because Petitioner quotes from *Balzac v. Puerto Rico*, 258 U.S. 298 (1922), which held that the federal court in Puerto Rico was not an Article III court. Petitioner's reliance on that 1922 case is misguided because in 1966 Congress replaced Puerto Rico's Article IV territorial court with an Article III court. *See* Pub. L. 89-571, 80 Stat. 764 (1966).

The Magistrate Judge correctly notes that where a defective pleading cannot be cured by amendment, *e.g.*, where the defendant is immune from the asserted claim, it ordinarily should be dismissed with prejudice. But where, as here, the Court lacks subject-matter jurisdiction over the claim, the claim must be dismissed without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . any . . . defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). The Court therefore declines to adopt the Report and Recommendation insofar as it recommends dismissal with prejudice, but otherwise fully adopts the Report and Recommendation.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 14). The petition for habeas relief is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; the Court otherwise **ADOPTS** the Report and Recommendation.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2017
Charleston, South Carolina